160 So. 413

THOMAS & BULLIS v. STRICKER LAND & TIMBER CO., Inc.

No. 33126.

March 4, 1935.

Rehearing Denied April 1, 1935.

G. P. Bullis, of Vidalia, for appellants.

Hugh Tullis, of Vidalia, Paul G. Borron, of Plaquemine, and Ackland H. Jones, of Woodville, Miss., for appellee.

FOURNET, Justice.

This is a suit to establish title to real estate in accordance with the provisions of Act No. 38 of 1908, where neither claimant is in actual possession, with the alternative plea that, in the event the court should find the property in dispute to be in the possession of defendant, the court then should treat the matter as a petitory action.

The basis of plaintiffs' claim is a tax sale and deed, dated June 19, 1926, for the unpaid taxes of the year 1925, covering land assessed in the name of G. W. Armstrong, which is described as follows: "Batture on Boyd's Island, Sand-Bar, situated in Concordia parish, La."

For the purpose of this decision, it will be unnecessary to discuss the several exceptions. Suffice it to say that in response to an exception of vagueness, the plaintiffs amended their original petition and described the land claimed by them, by virtue of said tax title,

as all the lands "that lie within an immense bend or bow in the Mississippi river and is bounded north, west and south by the Mississippi river, east by the boundary line between the States of Louisiana and Mississippi, being all of the land within said boundaries except sections 65, 66 and 67 and 68 of Township 5 North Range 9 East, which is included within said boundaries."

Defendant filed an exception of no cause or right of action which was referred to the merits.

In the trial, the deed under which defendant acquired the property was offered in evidence. It developed that defendant was in possession of the lands claimed by the plaintiffs at the time of the institution of this suit. Necessarily, under the plaintiffs' own pleadings, they must resort to a petitory action and establish their title as required by Code of Practice, art. 44.

Defendant contends that its title is not in issue until plaintiffs have proved an apparently valid title in themselves, and that the alleged tax sale did not convey any title whatsoever to any property belonging to plaintiffs, for the reason that the description of the property purporting to be conveyed in the tax deed is too vague, uncertain, and indefinite.

The settled jurisprudence of this state is that the title of the defendant in a petitory action, is not at issue until the plaintiff has proved an apparently valid title in himself. See Smith v. Chappell, 177 La. 311, 148 So. 242; Mecom v. Graves, 148 La. 369, 86 So. 917.

Now the question, therefore, for our determination is whether or not the descrip-

tion in the tax deed of plaintiffs is sufficient to identify the property or to make it susceptible of identification.

Section 1 of Act No. 140 of 1890 provides that:

"For the purpose of taxation and tax sales it shall be sufficient to assess and describe all property according to such a description as will reasonably identify the property assessed; such as designating the tract or lot by the name by which it is commonly known, or by the number or letter by which it may be usually designated upon the regular assessment rolls, or upon an official or private plan or sketch or by giving the boundaries or the name of the owners upon each side, or by the dimensions or description or name given in the act translating the ownership thereof, or by such other further description as may furnish the means of reasonable identification."

After a careful consideration of all the evidence in this case, which includes maps and plats of the property in controversy, we are of the opinion that the description in plaintiffs' deed is too vague, indefinite, and uncertain to identify any particular tract or piece of land.

An examination of the deed of the author in title of plaintiffs discloses that the description of the property acquired by George W. Armstrong is as follows:

"All of the batture, accretions and towhead to north and west of Glasscock's Island in Concordia Parish, State of Louisiana. Said tract of land herein conveyed, together with all timber thereon being commonly called Briar's towhead consisting of 3000 acres more or less."

The evidence shows that there is such a tract of land known as Briar's towhead to the north and west of Glasscock's Island (Boyd's Island), but its location is a matter of conjecture, as far as the evidence is concerned. Whether it is accretion to Briar's plantation on the Mississippi mainland on the east, or accretion to Glasscock's Island (Boyd's Island) on the south, situated in Louisiana, is a matter of serious dispute and uncertainty. However, the evidence satisfies us that it is not the property claimed by and in the possession of the defendant.

Plaintiffs could only acquire by the tax sale the property of their author in title, the delinquent tax debtor, and nothing more. Act No. 140 of 1890.

The evidence conclusively proves that the assessor intended to assess the property owned by G. W. Armstrong and that the only land owned by him in the parish of Concordia is the property hereinbefore described, which is not the land in dispute.

Plaintiffs contend that defendant has no standing to question their tax deed because of a previous suit and judgment on the same tax deed and pleads the same as res adjudicata against the defendant. From an examination of the record, which was introduced in this case, it appears that the suit referred to was one brought by the plaintiffs herein against G. W. Armstrong and this defendant for the purpose of confirming the tax title to the property covered by the deed here relied upon by plaintiffs. But the suit was dismissed as to defendant on an exception of no cause or right of action for the reason that it was not a proper party thereto, because the defendant, Stricker Land & Tim-

789

ber Company, Inc., was wholly without interest in that suit for the very same reason that it pleads in this suit, namely, that the plaintiffs' deed does not include or describe the property owned and possessed by the defendant.

For the reasons assigned, the judgment of the district court is affirmed.