178 So. 881

.COOK et al. v. MARTIN et al.

No. 34112.

Jan. 10, 1938.

Rehearing Denied Feb. 7, 1938.

Claude E. Fernandez, of Baton Rouge, and Charles E. Fernandez, of Franklin, for appellants.

Pecot & Bauer, of Franklin, for appellees.

FOURNET, Justice.

This is a petitory action to recover a certain lot of ground situated in Verdunville, St. Mary parish, and also for rents and revenues.

Plaintiffs claim title by inheritance from their paternal grandparents, Edward Cook, Sr., and his wife, Nancy Cook. They alleged that the notarial act dated December 28, 1895, purporting to convey the property to Willie (A.) Chauvin by their grandmother subsequent to the death of their grandfather, is a forgery, and that in order to cure a defect in the title, the property was sold to defendants at sheriff's sale on levy against Willie A. Chauvin;

and in the alternative, if the court should hold that the deed from Nancy Cook to Willie A. Chauvin is valid, then the deed only transferred Nancy Cook's community interest in the property, and they are entitled to recover their grandfather's one-half of the property.

The defendants claim that the deed from Nancy Cook to Willie A. Chauvin is valid and binding, but, if for any reason, the court should decree that only one-half of the property was conveyed thereby, then plaintiffs are estopped from claiming title to the property because by this suit they unconditionally accepted the succession of Nancy Cook and are, therefore, bound by the warranty of Nancy Cook to defendants' ancestor in title, Willie A. Chauvin, whose rights they acquired as the adjudicatee of said property at sheriff's sale. Moreover, they interposed the plea of prescription acquirendi causa of ten and thirty years. In the alternative, defendants contend that, if the court should decree that they are not the owners of the property, as possessors in good faith, they are entitled to recover the taxes they paid on the property and the value of the improvements placed thereon.

The trial judge rendered judgment in favor of defendants, recognizing the validity and authenticity of the act of sale from Nancy Cook to W. A. Chauvin and maintaining the pleas of prescription of ten and thirty years. The plaintiffs have appealed.

The record shows that Edward Cook, Sr., while married to and living with Nancy Williams, acquired from Victor Von Schoeler, by deed dated August 27, 1881, a tract of land situated in Verdunville, St. Mary parish. On December 28, 1895, subsequent to the death of Edward Cook, Sr., Nancy Cook, by authentic act, transferred a portion of that property (the property in controversy) to Willie A. Chauvin. Immediately following his purchase of the property, Willie A. Chauvin constructed a building thereon for the purpose of conducting a mercantile business, and thereafter the building was continuously occupied by him and his lessees (defendants herein), who, on the 6th of March, 1923, purchased the property at sheriff's sale under a writ of fieri facias issued in the matter of James Chauvin v. W. A. Chauvin et al., No. 1538 of the district court of the parish of St. Mary, as evidenced by sheriff's deed dated March 24, 1923. The defendants have been in possession of the property ever since. The successions of Edward Cook and of Nancy Cook were never opened to probate; nor were the successions of any of their children, all of whom are deceased. Plaintiffs are their sole surviving heirs.

This being a petitory action, the plaintiffs must rely on the strength of their own title and not on the weakness of the defendants' title, which is not at issue until the plaintiffs have proved an apparent valid title in themselves. Article 44, Code Prac.; Thomas & Bullis v. Stricker Land & Timber Co., Inc., 181 La. 784, 160 So. 413; Smith v. Chappell, 177 La. 311, 148 So. 242; Mecom v. Graves, 148 La. 369, 86 So. 917.

The plaintiffs, having proven their heirship to Edward Cook and Nancy Cook, inherited whatever rights, titles, and interest their ancestors had in the property in controversy. Article 895, Rev.Civ.Code.

The defendants acquired the property at sheriff's sale on the 6th day of March, 1923, the date on which the property was adjudicated to them, article 690, Code Prac., which is evidenced by the act of sale executed by the sheriff, article 695, Code Prac., dated March 24, 1923, recorded in the Conveyance Records of the Parish of St. Mary. They immediately took possession of the property as owners and continued in such possession peacefully, publicly, and without interruption until this suit was filed on the 13th of March, 1933, a period of more than ten years; consequently, if acquired in good faith, they have a valid title to the property. Article 3478, Rev.Civ.Code.

▆▆▆▆▆ It appears from the testimony of both the plaintiffs and the defendants that at the time of the execution of the deed from Nancy Cook to Willie A. Chauvin on December 18, 1895, she was living on a small property immediately to the rear thereof where she continued to reside until her death in 1919; and that there never was any adverse claim to the ownership of the property in controversy by her or any member of her family until this suit was filed. The contention of plaintiffs that the signature of Nancy Cook to the deed to Willie A. Chauvin, dated December 18, 1895, is a forgery, and that the sale of the property at sheriff's sale of March 6, 1923, was for the purpose of curing a defect in the title to the property, is not supported by the evidence. Moreover, when the plaintiffs instituted this suit, they accepted the succession of Nancy Cook unconditionally, Rev.Civ. Code, art. 988; McQueen v. Sandel, 15 La.Ann. 140; Brashear v. Conner, 29 La. Ann. 347; Sevier v. Gordon, 29 La.Ann. 440; McCall v. Irion, 41 La.Ann. 1126, 6 So. 845; Heirs of Ledoux v. Lavedan, 52 La.Ann. 311, 354, 27 So. 196; Buillard v. Davis, 185 La. 255, 169 So. 78, and by such acceptance incurred the obligation of warranty of their ancestor and are now estopped from claiming title to the property. Walker v. Fort, 3 La. 535; Stokes v. Shackleford, 12 La. 170; Smith v. Elliot, 9 Rob. 3; Gusman v. Berryman, Man. Unrep.Cas. 199; McQueen v. Sandel, 15 La.Ann. 140; Sevier v. Gordon, 29 La. Ann. 440; Chevalley v. Pettit, 115 La. 407, 39 So. 113; Cochran v. Gulf Refining Co., 139 La. 1010, 72 So. 718; Berry v. Wagner, 151 La. 456, 91 So. 837; Soule v. West, 185 La. 655, 170 So. 26; Sparks v. Dan Cohen Co., 187 La. 830, 175 So. 590; Maisonneuve v. Martin, 155 La. 938, 99 So. 704.

For the reasons assigned, the judgment of the lower court is affirmed, at appellants' cost.