DORÉ, Judge.
This is a suit in which the question at issue is' the ownership of a tract of timber land situated in Allen Parish, Louisiana and described as the West Half of Northeastern Quarter (Wj/2 of NEj4) of Section 33, Township 3 South, Range 5 West, Louisiana Meridian.
On March 30, 1909 John F. Belvin, the record owner of said property, conveyed the property by proper deed to Land Industrial Lumber Company, a Texas Corporation, and subsequently, to wit, on April 30,. 1914, the said Land Industrial Lumber Com *862 pany of Texas conveyed the property to Industrial Lumber Company of Louisiana, the plaintiff herein, by deed recorded May 26, 1914.
On July 6, 1910 the property was sold at tax sale in the name of John F. Belvin to Charles F. Howell, said tax sale having been recorded on September 10, 1910. The notice of delinquency and intention to sell the property was made in the name of John F. Belvin and obviously such notice was erroneous for the reason that at that time the true record owner was Land Industrial Lumber Company of Texas.
Later, after the death of Charles F. Howell, his succession opened, culminating in a judgment recognizing Mrs. Mehetabel S. Howell as the surviving widow of said Charles F. Howell and the universal legatee under his last will, and sending her in possession of certain properties described in said judgment, to wit, certain stock certificates, "or any other property left by Charles Fisher Howell, whether real, personal or mixed”. The said judgment is dated May 22, 1940 and was filed on that same date.
The plaintiff apparently had no knowledge of this tax sale until some time in 1950 and on September 23, 1950 filed a slander of title action against the defendant Mrs. Howell, alleging that it was the record owner and in possession of the said eighty acre tract and that the defendant was slandering plaintiff’s title by the recording of the aforesaid old tax sale.
The defendant filed an exception of want of possession upon which trial was had and testimony taken. The court ruled that the plaintiff had sufficient possession to bring the action and ordered the defendant to bring suit to try title within sixty days or be barred from asserting further claim against the property. The defendant thereupon assumed the position of plaintiff in reconvention and converted the suit into a petitory action, claiming title under the tax sale.
The case was then tried on its merits and the district court decided in favor of the original plaintiff and defendant in recon-vention, Industrial Lumber Company, Inc., and rendered judgment in its favor and against the defendant and plaintiff in recon-vention, Mrs. Mehetabel S. Howell, recognizing the said Industrial Lumber Company, Inc. as owner of the eighty acre tract in question. The defendant, plaintiff in re-convention, has appealed.
The defendant raises the same questions on appeal as were urged in the lower court, to wit :
“1. That the tax sale dated July 6, 1910, is regular in form and that since more than three (3) years has expired from the date of the recording of the sale, it is not subject to attack on the grounds that proper notice was not given.
“2. That the tax sales is valid.
“3'. That plaintiff asserting a thirty (30) year prescriptive title must carry the burden of proving such title and that the evidence in this case does not establish a thirty (30) year prescriptive title to the property in plaintiff.”
The plaintiff, defendant in reconvention, also makes the same contentions on appeal as it made in the lower court, to wit: That the tax sale was null and void for the reason that notice of delinquency and intention to sell was not made upon the record owner and that the peremption period of three years subsequent to the tax sale is of no avail to the defendant, plaintiff, in reconvention, in curing want of proper notice, for the reason that the plaintiff, defendant in reconvention, was in actual corporeal possession of the property at the time of the tax sale and subsequent thereto, and, in the alternative, the plaintiff, defendant in re-convention, contends that it has been in actual corporeal possession of the property through itself and its author in title for a period of more than thirty years and that therefore, under LSA-Civil Code, Articles 3499 to 3503, inclusive, it has acquired a thirty year prescriptive title to this property.
There is no question that a proper deed from John F. Belvin to Land Industrial Lumber Company of Texas was made and recorded and that the present plaintiff is the successor of said Texas Corporation and as such has the same title as acquired by the Texas Corporation.
*863 Also, there is no question that the tax sale from John F. Belvin to Mrs. Howell’s husband and predecessor in title was made without notice to the record owner and that it is null and void unless the informality was cured by the peremption period provided by the Constitution of 1921, Article 10, and in that connection it cannot be invoked when the owner remains in actual possession. See Kivlen v. Horvath, 163 La. 901, 113 So. 140. The law involved in the suit is clear and the issues resolve themselves into questions of fact.
The first question of fact to consider is whether or not the plaintiff’s predecessor in title, Land Industrial Lumber Company of Texas, was in actual possession of the property at the time of the tax sale and subsequent thereto.
As brought out by the trial judge, in his reasons for judgment, the evidence in the case shows that Land Industrial Lumber Company cut the timber on this land or part of the timber from this land, in 1909 or 1910 and that for the purpose of removing the timber, maintained a logging railroad across the land and branches branching out from the main line to various parts of the land and that this logging railroad was maintained for a number of years subsequent to the tax sale and certainly during all of the time the prescriptive period of three years was running. Furthermore, the testimony of Mr. Charles Fenstermaker, a surveyor of many years’ experience to the effect that the land lines around the eighty acre tract were well established as far back as 1908, when he first went to work for Land Industrial Lumber Company, and that they remained so through the years, and the testimony of P. W. Gassiott and W. L. Dowies, both old residents of the neighborhood to the effect that the land lines, tree blazes, corners, etc., have always been visible to anyone familiar with timber land, is very impressive to show corporeal possession by plaintiff and its predecessor. To counteract that testimony, the defendant has shown by various witnesses that the property in question was never fenced in and that no residence or other buildings (aside from the tram railway) was ever placed on the property. If these requirements to show corporeal possession had to be met it seems obvious that it would be impossible to establish corporeal possession of wood and swamp land such as constitutes the eighty acre tract involved herein. We feel that such a view would be unreasonable and that the trial judge correctly found from the preponderance of the evidence that the plaintiff has shown sufficient corporeal possession of open timber land to interrupt the three years’ prescription so as to render the tax deed null and void.
We also fail to find any manifest error in the further finding of fact of the trial court to the effect that the plaintiff, defendant in reconvention, has established by a preponderance of the evidence that it has, through itself and author in title, had corporeal possession of the property for more than thirty years. It is shown by the evidence that from the outset it has maintained logging operations on the property and has at various times removed timber therefrom and that they have maintained the property lines by surveying and blazing them, has maintained fire protection on the property, with the cooperation of the State Conservation Department, and has sold at various times, oil, gas and mineral leases on the property. Furthermore, although in itself it may not be sufficient to establish corporeal possession, but certainly it is indicative thereof, it is clearly shown that the plaintiff and its author in title have been assessed for the property since the sale thereof by John F. Belvin and has continuously paid the taxes thereon. On the other hand, it seems apparent that the defendant, plaintiff in reconvention, had no knowledge whatsoever of the tax sale until the filing of the jactitation suit herein. The property was not mentioned specifically in the judgment of possession in the succession of Charles F. Howell and the property was never assessed to him or to defendant and no taxes (except the taxes covered by the tax sale) were ever paid on the property by them. It seems clear from the evidence that up to the filing of the instant proceeding the plaintiff herein, Industrial Lumber Company, Inc. and its author in title were al *864 ways recognized in the neighborhood and by timber people generally as the true owners of the eighty acre tract.
We fail to find any error in the findings of fact of the trial court and we are of the opinion that he correctly ruled that plaintiff Industrial Lumber Company, Inc. is the true owner of the tract in question, first because the tax deed in the light of the evidence is null and void, and, second because the plaintiff has proved by the preponderance of the evidence a thirty year prescriptive title.
For these reasons the judgment appealed from is affirmed.