68 So.2d 184 (1953)
223 La. 1094
COLLINS et al.
v.
SUN OIL CO. et al.
No. 41086.
Supreme Court of Louisiana.
July 3, 1953.
Rehearing Denied November 9, 1953.
Carey J. Ellis, Jr., Rayville, C. T. Munholland, Monroe, for plaintiffs-appellants.
Joseph H. Wright, Chicago, Ill., J. Blanc Monroe, New Orleans, McIntosh, Sims & Hester, Oak Grove, Warren Hunt, Cotton & Bolton, Rayville, Thompson, Thompson & Sparks, Sholars, Gunby and Guthrie, Monroe, for defendants-appellees.
PONDER, Justice.
The pleadings and facts in this case are well set out in the written opinion handed down by the trial judge, as follows:
"This is a petitory action involving title to a strip of land of an average width of approximately 150 feet extending east and west across two quarter-quarter sections between the corporate limits of the Town of Delhi and the Bayou Macon. The tract allegedly is bounded on the south by the center line of the V. S. & P. R. R. tracks and on the north by the northern edge of a road as it existed on November 22, 1915. The area of the tract, as computed by plaintiffs, is 8.65 acres more or less.
"Defendants concededly are in possession of the land involved, in their various capacities as surface owners, owners of mineral rights, holders of mineral leases, and operators of producing oil wells situated on the two 40 acre tracts with which the land involved herein has been unitized in accordance with the regulations of the Department of Conservation of this State.
*185 Accordingly, the basic question to be decided is whether or not the plaintiffs have the legal title to the land involved.
"By a stipulation filed in the record, both of the 40 acre tracts were duly and properly severed from the public domain and eventually passed through an unbroken chain of title from the patentees to one Frederick Rohnert, who acquired record title to both 40 acre tracts on April 4, 1873. With the exception of the V. S. & P. R. R., all parties, plaintiff and defendant, claim through Frederick Rohnert. Hence, primarily, the determination of the case rests upon the proper construction of instruments emanating from Frederick Rohnert and from various persons in the chain of title proceeding from him.
"On May 12, 1904, by deed recorded in Conveyance Book `T', page 490 of the records of Richland Parish, Frederick Rohnert sold to G. P. Buchanan a tract of land described as follows:
"`A strip of land in the South Half of the Northeast Quarter, and a strip of land in the North Half of the Southeast Quarter, bounded on the North by W. S. Buchanan, on the East by Bayou Macon, on the South by the V. S. & P. R. R., on the West by lots of Barrier, Needham, Eaves, Haney and Rohnert, or along ½ mile Section line or street running North and South between above described lots and the property conveyed, all in the East Half of Section 18, T17N, R10E.'
"On November 15, 1913, by deed recorded in Conveyance Book 28, page 261, of the records of Richland Parish, G. P. Buchanan conveyed the above described land by identical description to Dr. Nash Collins, husband of one of the plaintiffs and father of the other.
"On November 22, 1915, by deed recorded in Conveyance Book 29, page 411, Dr. Nash Collins conveyed to George F. Rammelsburg a tract of land described as follows:
"`A strip of land in the S½ of the Northeast ¼ and a strip of land in the N½ of the Southeast ¼ bounded on the North by W. S. Buchanan, on the East by Bayou Macon, on the South by Public Road along the V. S. & P. R. R., on the West by lots of Barrier, Eaves, Harvey, Needham and Rohnert, or along ½ mile Section line or street running North and South between above described lots and the property conveyed, all in the East ½ of Section 18, Township 17 North of Range 10 East. No land West of North and South quarter Section line is hereby conveyed. The above described and conveyed property containing 43 acres of land, more or less. To more fully describe the Northern boundary the partition deed of W. S. Buchanan and Nash Collins, survey of which was made by O. P. Herbert, to establish the North boundary line, dated July 25th, 1914, is hereby referred to and made a part hereof and is as follows: Commencing at the right-of-way of the V. S. & P. R. R. and running North 5 chains and 23 links to a stake which is the middle or center of Section 18, Township 17 North, Range 10 East, thence due North 9 chains and 55 links to a stake; thence running East 29 chains and 25 links to the first bank of Bayou Macon.'
"It will be observed that essentially the descriptions are identical in the deed from Collins to Rammelsburg with the deed from Buchanan to Collins, with the exception of the words and phrases purporting to establish the location of the southern boundary. In the Collins deed of purchase the property is described as bounded on the south by the V. S. & P. R. R., whereas in the deed of sale it is described as bounded on the south by the public road along the V. S. & P. R. R.
"Defendants, by exceptions of no cause or right of action, posed the proposition that the two contrasted phrases meant the same thing, and that accordingly, plaintiffs, by their own pleadings, had shown that Dr. Collins had sold the entire tract which he purchased, and that therefore plaintiffs are without any claim in the remaining land. The Court held that the two phrases did not necessarily possess the same meaning and accordingly overruled the exceptions.
*186 "Upon the trial of the case it was shown that the V. S. & P. R. R. tracks are presently located at exactly the same place where they were located at the time of the transfer mentioned above, and without conceding the nature of the title of the V. S. & P. R. R., it was admitted by all parties that said railroad at all times involved in this suit maintained possession of an area approximately 75 feet wide on each side of the center of its tracks, making a total right-of-way possessed by the railroad of 150 feet.
"The public road referred to in the deed from Collins to Rammelsburg was obliterated in 1923 when an improved graveled highway, being U. S. Highway 80, was constructed across the area involved in this lawsuit, with its center line 150 feet from the center line of the railroad. A great deal of testimony was offered by both plaintiffs and defendants as to the location of the public road referred to in the Collins to Rammelsburg deed. From the standpoint of plaintiffs, the most favorable proof established the northern edge of said public road, at the point where it intersected the western boundary of the land in controversy, to be 129.6 feet north of the center line of the railroad. From that point said road converged toward the railroad tracks for a short distance and then ran in a course which gradually widened the distance between said road and railroad track until it reached Bayou Macon at a point where the upper boundary of said road was 175 feet from the center line of the railroad. These different distances were purported to have been established by a plan and profile prepared by the Louisiana Highway Commission as the basis upon which the above mentioned graveled road was constructed in 1923. Said plan and profile, together with the field notes upon which it was based, showed the location of an old road as it existed in 1923, when the above-mentioned survey and plans were made. The gravel road was later replaced by a concrete road having the same center line as the gravel road. The testimony of the various witnesses dealing with the location of the public road in 1915, the date of the Collins to Rammelsburg deed, purported to establish said location with relation either to the subsequently built gravel and concrete road or to the raiload, or to both the highway and railroad.
"The land, in question, with an exception of a small area on the extreme west edge, which was on a hill, was low and marshy.
"The construction of the railroad entailed the digging of barrow pits extending in most places to a distance of approximately 75 feet from the center of the railroad. It is not certain that these barrow pits were continuous from the foot of the hillto Bayou Macon, but they were present at various places along the railroad rightof-way.
"The public road referred to in the deed was not a graded road and possessed noclearly outlined boundary, not being bordered by ditches or any other artificialboundaries or works of construction. It developed into a road merely by continuous use by vehicles of various kinds and had noclearly defined width or area. The Court is convinced that at certain points, especially near the western edge of the property involved herein, said road ran immediately adjacent to the 75 foot railroad rightof-way, and at no point between its western edge and the Bayou Macon was there any space wider than a few feet between the traveled portion of the road and the railroad right-of-way. In view of the marshy nature of the ground, the Court concludes that with the possible exception of a small narrow space on the hill at the extreme western edge of the strip of land in controversy, there was no usable space between the road and railroad.
"Subsequent to the deed from Collins to Rammelsburg, Rammelsburg, by deed dated April 8, 1919, sold to the Clarendon Boat Oar Company a tract of land 12 feet wide extending from the Bayou Macon, for a distance parallel to the old road, thence crossing said road and entering the railroad right-of-way before reaching the western edge of the two forties involved. This strip was used as a right-of-way for a logging road proceeding from a landing *187 place on the Bayou Macon to a mill operated by the Clarendon Boat Oar Company in the Town of Delhi.
"By deed dated September 27, 1920, Rammelsburg sold to P. F. Duckworth by the same description by which he had purchased from Dr. Nash Collins. A few years after Duckworth purchased the property he constructed a building between the road and the railroad, which was used by him and his lessees until its destruction five or six years ago. Said building unmistakably was located on the western edge of the property claimed herein by plaintiffs."
The district judge correctly overruled the exception of no cause of action. Since this is a petitory action it is incumbent upon the plaintiffs to first prove an apparent title before the defendants' title can be placed at issue.
In this petitory action the plaintiffs must rely on the strength of their own title and not the weakness of the defendant's titles unless the plaintiffs have proved an apparent valid title in themselves. Article 44 of the Code of Practice; Thomas & Bullis v. Stricker Land & Timber Co., Inc., 181 La. 784, 160 So. 413; Cook v. Martin, 188 La. 1063, 178 So. 881; Chachere v. Superior Oil Co., 192 La. 193, 187 So. 321.
It appears that Dr. Collins died in the year 1939, approximately twenty years after the Clarendon Boat Oar Company and P. F. Duckworth had purchased the 12 foot strip, constructed the building and maintained a road thereon. At no time did Dr. Collins ever indicate any interest in the property. He paid no taxes on it and it was not listed in his original succession proceedings. It was only listed by supplemental proceedings a short time before this suit was filed. The trial court was of the opinion that the parties themselves had placed a construction on the deeds to the effect that Dr. Collins had intended to convey the entire property to the V. S. & P. R. R. right-of-way. The trial judge took the position that Dr. Collins acquiesced in this construction because he lived in close proximity to the property for a period of twenty years without indicating any interest in the property and without asserting any claim of ownership to it. Be that as it may, after a careful review of the testimony in this case, it is impossible to say where the road, referred to in the Collins deed, was located at the time the deed was executed. It was never dedicated to the public and had no well-defined boundaries, its width and course are uncertain. It was not maintained by the public and appears to have been changed in places from time to time depending on the weather conditions.
The plaintiffs' contention that the railroad right-of-way to the center of the tracks was conveyed in the Collins deed is without merit. The railroad company had possession of the property for a number of years prior to the execution of the deed and was in possession of the right-ofway at that time. The deed does not purport to convey the property to the center of the tracks but to the property owned by the railroad company.
Under the facts and circumstances in this case, the plaintiffs have failed to prove title to the railroad right-of-way and have failed to establish any title to the property adjacent to the right-of-way because it is impossible, under the evidence, to locate the road referred to in the Collins deed. Since we have arrived at this conclusion, it is unnecessary to pass on defendants' title to the property.
For the reasons assigned, the judgment rejecting plaintiffs' demands is affirmed at appellants' cost.
HAWTHORNE, Justice (dissenting).
The majority opinion, after quoting the pleadings and facts from the trial judge's written opinion, stated the well-established principle of law that in a petitory action the plaintiff must recover on the strength of his own title and not on the weakness of defendant's title, unless plaintiff has "proved an apparent valid title" in himself. I fully agree that this is a correct statement *188 of law. However, I cannot agree with the following conclusion as stated in the majority opinion:
"Under the facts and circumstances in this case, the plaintiffs have failed to prove title to the railroad rightof-way and have failed to establish any title to the property adjacent to the right-of-way because it is impossible, under the evidence, to locate the road referred to in the Collins deed. Since we have arrived at this conclusion, it is unnecessary to pass on defendants' title to the property." (Italics mine.)
In the 1913 deed of Buchanan to Dr. Nash Collins the tract of land conveyed was described by metes and bounds and sold from boundary to boundary. In this deed the south boundary was described as "* * * bounded * * * on the south by the V. S. & P. R. R. * * *."
In 1915 Dr. Collins conveyed to Rammelsburg, under whom all defendants except the railroad claim title, a tract of land described by the same metes and bounds, except that the southern boundary was described as "* * * bounded * * * on the south by Public Road along the V.S. & P. R. R. * * *".
It is plaintiffs' contention in this petitory action that Dr. Collins bought a tract of land with the railroad as the southern boundary and that he sold it to Rammelsburg with the public road as it existed in 1915 as the southern boundary, and that on the face of these deeds Dr. Collins never conveyed or sold the tract of land lying between that public road and the railroad which they allege contains 8.65 acres. It is their contention that these deeds are clear and free from ambiguity, with which I am inclined to agree, and, if their contention is correct, they have established by these deeds an apparent title in themselves to the area between the railroad and the public road as it existed in 1915.
Defendants on the other hand contend that the deeds themselves fully evidence the intent of Collins to sell to Rammelsburg the identical land, and all that he had acquired from Buchanan, without exception, reservation, or retention of any portion thereof.
The trial judge found as a fact that there was some land lying between the public road as it existed in 1915 and the railroad. This property is extremely valuable because it is located within a drilling unit from which oil is being produced.
To me the conclusion of the majority seems to be begging the question, for, if plaintiffs had established an apparent record title in themselves, the title of defendants should be inquired into for the purpose of determining the superior title to the land in controversy. If plaintiffs' title is superior, we would then, and only then, come to the question of the limits or extent of that title, which could be ascertained by locating the "public road as it existed in 1915". On this question of fact the burden of proof would be divided between the parties, and the question would be decided by a preponderance of the evidence. See Russell v. Producers' Oil Co. 138 La. 184, 70 So. 92; Id., 143 La. 217, 78 So. 473, 474.
The question of title presents a question of law, but the location of the public road is purely a question of fact required to be answered only when it becomes necessary to determine the extent or limits of plaintiffs' title, and the conclusion of the court that it was impossible to locate the road in 1915 in no way decides the legal question of title vel non. Notwithstanding this fact, the court has dismissed the plaintiffs' suit, a petitory action, because plaintiffs have not proven the limits or extent of their title. With this disposition of the case I cannot agree.