125 So.2d 257 (1960)
Z. T. YOUNG, Jr., et al.
v.
Thelismar MILLER.
No. 6.
Court of Appeal of Louisiana, Third Circuit.
December 19, 1960.
Isom J. Guillory, Eunice, for defendant.
John Edwards, Opelousas, for plaintiff.
Before FRUGE, SAVOY and HOOD, JJ.
SAVOY, Judge.
Defendant appealed from a judgment of the district court decreeing plaintiffs to be the owners of certain real estate situated in St. Landry Parish, Louisiana.
Plaintiffs filed a petitory action against defendant alleging the ownership of 24 acres of land in St. Landry Parish, Louisiana, by inheritance from their deceased father. They further alleged that defendant was in possession of said property without any right to remain thereon. Petitioners prayed to be recognized as the true and lawful owners of said property, and that defendant be ordered to deliver possession of said property.
*258 Defendant filed an answer to the suit alleging that he was the owner of the property in litigation and praying that the demands of plaintiff be rejected.
Plaintiffs filed a supplemental petition stating that the property in controversy was acquired by their father in a partition sale rather than by conventional deed. Defendant excepted to the filing of the supplemental petition for two reasons: (1) The amended petition changed the substance of the demand after issue was joined; (2) The supplemental petition gave plaintiff two causes of action contrary to and exclusive of each other. Plaintiffs then filed a second supplemental petition asking for a change in the description set forth in the original petition.
Defendant filed a motion praying that plaintiffs attach the notarial act of Exhibit "A" alleged upon in Article IV of their second supplemental petition, as required by Article 174 of the Louisiana Code of Practice. Plaintiffs filed a motion to strike the motion filed by defendant.
The trial judge held a hearing on the motion to strike. He ruled that he had erroneously allowed the filing of Article IV of the second supplemental petition, and ordered it stricken from the petition. He also required plaintiffs to furnish a copy of the authentic act relied on by plaintiffs. Defendant filed a general denial to plaintiffs' supplemental petitions. The case was then tried and decided in favor of plaintiffs.
This Court is unable to find in the chain of title introduced by plaintiff where a patent has been issued on the land described in this suit.
In the original petition the property was shown to be in Sections 30 and 31, Township 6 South, Range 2 East, St. Landry Parish, Louisiana.
An examination of the record revealed that a homestead entry had been made of Sections 30 and 31, Township 6 South, Range 2 East.
All public lands in Louisiana, upon its admission to the Union, belonged to the United States and the State retained no title to any public lands, except the lands within the tidewater of the sea and bays and beds of navigable waters, as well as beds of all bayous, lagoons, lakes and bays, hence the State acquired title only from the United States.
Some public lands have been acquired by individuals directly from the United States under various acts of Congress, while some have been acquired indirectly from the United States through the state. Lands acquired directly from the United States are by means of public land sales, homestead, military warrants, etc.
Counsel for plaintiffs contends that the entry is sufficient to show a severance of title from the United States Government, citing Act 8, Congress, 24th April, 1820.
A patent regularly issued by the government is the best and only perfect title. The actual patent should be secured to place at rest any question as to the validity of the entry.
The entry in the case at bar could have been cancelled by the United States for non-compliance with the original terms thereof. There is no showing in the record that the entrymen in this case ever paid for the entry which they secured.
This Court concludes that plaintiffs have not shown an unbroken chain of title to the land described in this suit.
A petitory action is one brought by an alleged owner of real estate who is out of possession against another having possession to determine ownership. The settled jurisprudence of this state is that a plaintiff in a petitory action, in order to recover, must rely on the strength of his own title and not on the weakness of that of his adversary. In order to maintain his suit, he carries the burden of proving title in himself. The title of the defendant is not at issue until plaintiff has proved a valid *259 title in himself. Cook v. Martin, 188 La. 1063, 178 So. 881; Waterman v. Tidewater Associated Oil Company, 213 La. 588, 35 So.2d 225; Collins v. Sun Oil Company, 223 La. 1094, 68 So.2d 184. Code of Practice, Articles 43 and 44.
For the written reasons assigned, the judgment of the district court is reversed, and judgment is hereby rendered in favor of defendant and against plaintiffs, dismissing their suit as of non-suit.
Plaintiffs are to pay costs in the district court and costs of this appeal.
Reversed and rendered.