136 So.2d 111 (1961)
Dowdy DUPUY et al.
v.
Shelby SHANNON.
No. 432.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1961.
Rehearing Denied January 15, 1962.
Chester J. Coco and James A. McGraw, Marksville, for plaintiffs-appellants.
Dupuy & Dupuy, by Marc Dupuy, Sr., and Marc Dupuy, Jr., Marksville, for defendant-appellee.
Before TATE, SAVOY and HOOD, JJ.
SAVOY, Judge.
Plaintiffs filed a petitory action against defendant, together with a demand for rents. Plaintiffs alleged that they were the owners of the following described property situate in the Parish of Avoyelles, Louisiana, to wit:
The South Half of the North Half of Northwest Quarter (S½ of N½ of NW¼), Section 23 and fractional *112 South Half of Northwest Quarter of Northeast Quarter (Frac. S½ of NW¼ of NE&frac 14;) of Section 23 in T3N, R4E, Avoyelles Parish, Louisiana.
In their petition, plaintiffs alleged that they acquired the property from their father and mother by inheritance, and that their father had acquired the above described property from Bellvue Bordelon by act of sale dated December 28, 1919.
To plaintiffs' petition, defendant filed an exception or plea of vagueness, averring that the property described in Article 1. of plaintiffs' petition was inconsistent with the property described in Article 3. of plaintiffs' petition, and that the alleged description in Article 1. is not responsive to the description contained in the deed set forth in Article 3. of plaintiffs' petition.
After a pre-trial conference between the parties, plaintiffs' original petition was amended so as to show that they were the owners of the following described property situate in the Parish of Avoyelles, to wit:
"A certain tract or parcel of land containing fifty (50) acres, lying, being and situated on the north side of Red River, bounded, now or formerly, on the North by Albea Bordelon and others, on the South by same, and the East by Red River and on the West by unknown;
"It being the same property acquired by Marius Dupuy from Bellevue Bordelon sale of which is recorded in Conveyance Book A-15, Folio 169 of the records of Avoyelles Parish, Louisiana."
Defendant answered the suit alleging that he acquired title to his property by patent from the State of Louisiana. This is the same property described in Article 1. of plaintiffs' original petition. Defendant plead six years acquisitive prescription under the provisions of LSA-R.S. 9:5661. Defendant further plead estoppel. He also plead acquisitive prescription of five years based on certain adjudication of the property to the State of Louisiana for nonpayment of taxes. Defendant also plead acquisitive prescription of ten years under the provisions of Article 3478 of the LSA-Civil Code. The last plea filed by defendant was one of judicial estoppel because of a decision affecting said property favorable to defendant in the case of Shannon v. Berlin (Ct.App., 2 Cir., 1945) 22 So.2d 866.
After a trial on the merits the district judge maintained the plea of ten years acquisitive prescription under Article 3478 of the LSA-Civil Code and dismissed plaintiffs' suit. However, when the judgment was prepared there was an addition in the judgment decreeing defendant to be the owner of the 50-acre tract acquired by defendant by patent from the State of Louisiana, and also a 40-acre tract which defendant had purchased, according to the judgment, from Cecil Sayes.
Following a rendition of the judgment by the trial court, plaintiffs filed a motion for a new trial for the reasons (1) that the judgment rendered should be set aside because it does not contain a description of the property claimed by plaintiff which was described in the supplemental and amended petition, and (2) the judgment improperly affects possible interest of parties not joined in this action and that a survey should be made to locate the property claimed by plaintiff's and defendant. The district judge denied the application for new trial, which he designated as application for re-hearing.
From this judgment, plaintiffs have appealed this case to this court.
The facts in the case are complicated because of various tax and conventional sales to numerous parties, which documents are in the record of the instant case. For a better understanding of the issues involved, this Court has had a map made showing the various transfers affecting the *113 instant property. The map is marked "Exhibit A" for identification herewith, is attached to this opinion, and is not made to scale.

EXBHIBT "A" Miss Amelie Porterie was the common ancestor in title of plaintiffs and defendant. She originally owned tract designated as ABCD on Exhibit "A". She divided said tract into four lots:
A-E, or Lot 14, A-F, or Lot 15, F-G, or Lot 16, and G-B, or Lot 17.
She sold Tract B to Z, which was all of Lot 17 and enough of Lot 16 to comprise 125.16 acres. Tract ZRMO was purchased by plaintiffs' ancestors in title. Subsequent to the purchase it was adjudicated to the State of Louisiana for non-payment of ad valorem taxes due for the year 1921. The tax sale was dated August 29, 1922.
No attempt was made by plaintiffs to redeem the property from the State until the year 1951. In 1943 defendant homesteaded from the State of Louisiana Tract SLKI, and after the necessary delays he *114 acquired a patent from the State of Louisiana to said property. Defendant Shannon is also in possession of Tract designated as PNOQ. This tract, along with other property, had been sold to the State of Louisiana on May 8, 1924, for non-payment of 1923 taxes.
Plaintiffs are claiming in their petitory action approximately nine acres, shown on the map as "Approx. 9.0 acres at issue," together with the forty acres possessed by Shannon, designated as PNOQ.
Since defendant has pleaded different pleas of acquisitive prescription, the court will discuss the pleas separately.

Plea of Six Years Prescription Under the Patent from State of Louisiana to Defendant.
As mentioned previously, defendant secured a patent from the State of Louisiana on August 7, 1948. In this suit plaintiff is claiming approximately nine acres of the 50 acres defendant received by virtue of the patent. This tract is shown on Exhibit "A" as "Patent of 50 acres to Shannon". The tract in dispute is shown on Exhibit "A" as HJKI.
As to the plaintiffs' attack on the portion of the property acquired by defendant under the patent, he filed a plea of six years acquisitive prescription under the provisions of LSA-R.S. 9:5661. This section provides:
"Actions, including those by the State of Louisiana, to annul any patent issued by the state, duly signed by the governor and the register of the state land office, and of record in the state land office, are prescribed by six years, reckoning from the day of the issuance of the patent."
The patent in this case was issued on the 7th day of August, 1948. The six-year prescriptive period had run on August 7, 1954. The instant suit was filed on February 29, 1960. Accordingly, the plea of prescription of six years filed by defendant is valid and good. See O'Brien et al. v. State Mineral Board et al. (1945), 209 La. 266, 24 So.2d 470, and cases cited therein.

Plea of Ten Years Acquisitive Prescription Under the Provisions of Article 3478 of the LSA-Civil Code
As to the plaintiffs' claim of ownership to the forty-acre tract in possession of defendant, designated as PNOQ, defendant filed a plea of prescription of ten years under the provisions of LSA-C.C. Article 3478.
The record reveals that defendant purchased forty acres of land described as:
A certain tract or parcel of land situated in the First Ward of Avoyelles Parish, Louisiana, containing fortyacres; said tract being located in the south half of fractional Northeast Quarter of Section 23, T3N, R4E, and contained within the following boundaries, to-wit: On the North by property of Shelby Shannon et al., East by Red River, South and West by property of Cecil Sayes; said forty-acre tract being more particularly described on plat of survey of Blanchard J. Marchand dated December 3, 1954, as having a length running east and west from Red River of 37.87 chains by a width of 10.55 chains.
from Cecil Sayes on December 13, 1954. Sayes purchased the property sold to Shannon from George H. Berlin on March 25, 1954. George H. Berlin purchased the property from Reyam Mayer et al. on September 18, 1944. The record reveals that defendant and his predecessors in title possessed said property by farming it and by doing other acts of possession since 1944. Plaintiffs argue in this Court that defendant cannot invoke the provisions of LSC-C. Article 3478 because he has not possessed in good faith since he purchased the property for the reason that he had attorneys-at-law check the title to said property *115 and such examination should have placed defendant on notice that the title to said property was suggestive of litigation. A short answer to that argument is that there is no showing that defendant's predecessors in title, Sayes and Berlin, were not in good faith, and under LSA-C. Article 3482, it is sufficient that the possession had commenced in good faith; and if the possession should afterwards be held in bad faith, that does not prevent prescription from running. Good faith is always presumed in matters of prescription. The burden of proof is on the one alleging bad faith. LSA-C.C. Article 3481. We conclude that the plea of prescription of ten years filed by defendant is good and valid and is a bar of plaintiffs' action.
A petitory action is one brought by an alleged owner of real estate who is out of possession against another having possession to determine ownership. The settled jurisprudence of this state is that a plaintiff in a petitory action, in order to recover, must rely on the strength of his own title and not on the weakness of that of his adversary. In order to maintain his suit, he carries the burden of proving title in himself. The title of the defendant is not at issue until plaintiff has proved a valid title in himself. Cook v. Martin (1938), 188 La. 1063, 178 So. 881; Waterman v. Tidewater Associated Oil Company (1947), 213 La. 588, 35 So.2d 225; Collins v. Sun Oil Company (1953), 223 La. 1094, 68 So.2d 184; Young et al. v. Miller (Ct. App., 3 Cir. 1960), 125 So.2d 257; Code of Practice, Articles 43 and 44.
The opinion of the district court dismissing plaintiffs' demands was proper. However, when the judgment was prepared it decreed defendant to be the owner of certain specified real estate. This was in error for the reasons stated above.
For the reasons assigned, the judgment of the district court, dated March 24, 1961, is amended by deleting therefrom that portion recognizing and confirming the defendant as owner of the two tracts of property described in said judgment.
As amended, the judgment of the trial court is affirmed. Plaintiffs are to pay all costs of this appeal.
Amended and affirmed.

On Application for Rehearing. En Banc. Rehearing denied.