SAMUEL, Judge.
This is a petitory action with the defendant in possession of the batture involved. *573 The petition alleges plaintiff is the owner of property fronting on the Mississippi River levee, and as such the riparian owner of the batture between that property and the river, and that the defendant has trespassed on the batture, removed sand therefrom and continues to do so. The prayer is for judgment in the amount of the value of the sand removed and for an injunction prohibiting the defendant from further trespassing on, and removing sand from the batture. The answer alleges defendant’s ownership of the batture. After a trial on the merits there was judgment in the district court in favor of the defendant, dismissing plaintiff’s suit. Plaintiff has appealed.
The evidence in the record consists of the testimony of three witnesses and various documents offered by the litigants. The testimony establishes only that the defendant was occupying the batture and removing sand therefrom, a fact which he admits, and the amount and value of the sand removed to the date of trial. The documents chronologically establish the following:
Prior to 1935 the ancestor in title common to both litigants was Fortuna Realty Company which owned all of Lot 5 in the Trudeau Plantation. During the years 1935-36, while Fortuna owned the property, 1.88 acres of Lot 5 were taken by the Pontchartrain Levee Board and used or damaged in the construction of the U.S. Bonnet Carre-New Orleans Levee. On October 7, 1937 Fortuna sold the 1.88 acres taken by the Levee Board to Christy Company, Inc., the property transferred being described in the act of sale as follows:
“A CERTAIN PIECE OR PORTION OF GROUND, together with all rights, ways, privileges, servitudes and advantages thereunto belonging or in anywise appertaining, being a part of Lot No. 5 of the Trudeau Plantation, situated in the Parish of Jefferson, State of Louisiana. Said piece or portion of ground being all of that property taken by the Pontchartrain Levee Board in the construction of the U.S. Bonnet Carre-New Orleans New Levee during the years 1935-36, and said piece or portion of ground containing 1.88 acres, as per original State Engineer’s survey dated October 28th, 1935. Said property fronts the Mississippi River and extends hack to the toe of the Mississippi River Levee. The above property does not include any property lying between the toe of the Mississippi River Levee and the Jefferson Highway.” (Emphasis ours).
Defendant subsequently acquired this identical property under the same description from Cristy Company, Inc.
On November 26, 1941 Fortuna sold to The Fidelity Homestead Association a part of the aforesaid Lot 5 of Trudeau Plantation, which part is described in that act of sale as “ * * * measuring two hundred forty-two feet (242’) in width along the toe of the present Mississippi River Levee, 253 feet, 4 inches, and 7 lines in width more or less along the east right of way of the Jefferson Highway, five hundred fifty-three feet, three inches (553' 3") in depth on the South side and five hundred eighty feet, ten inches (58(7 10”) in depth along the west side * * *” Through mesne conveyances plaintiff later acquired this property. The description in plaintiff’s acquisition contains the same words quoted above from the description in the act of sale by Fortuna to Fidelity.
As we understand the acquisitions, and this is not disputed by either litigant, the defendant has an act of sale purporting to transfer title to all of that part of the original Lot 5 of Trudeau Plantation which extends from the land toe of the Mississippi River levee to the water of the river and the plaintiff has title to that portion of the same original Lot 5 which extends from the land toe of the Mississippi River' levee landward to the Jefferson Highway.
Plaintiff contends that under LSA-C.C. Art. 509, which provides that alluvion belongs to the owner of the soil situated on the edge of the water of a river or stream, *574 lie is the riparian owner and therefore the ■owner of the alluvion or batture here involved. He argues that future accretions ■cannot be sold by the owner of river front property separately from the property which -would otherwise have riparian rights and 'therefore the sale by Fortuna to defendant’s predecessor in title, Cristy Company, Inc., is void, and alternatively if the sale to ‘Cristy Company, Inc. is valid as being a sale ■of a naked ownership subject to a servitude for levee purposes, title to alluvion being ■only an accessory right necessarily and exclusively dependent upon ownership of the ■river front property and incapable of existing without such ownership, the property transferred by that sale was not such as to -sustain riparian ownership and the right of future accretions. Plaintiff relies upon the case of Succession of Delachaise v. Maginnis, 44 La.Ann. 1043, 11 So. 715, which is to the effect (but does not hold) that the mere “hope” of future batture cannot be transferred or reserved separately from the riparian estate and that batture alone can he sold only when it exists to an extent •susceptible of private ownership, on the date ■of its sale.
Assuming, but not deciding, that future accretions cannot be sold separately from the riparian estate, and without considering whether plaintiff can possess riparian rights despite the fact that there is privately owned land, if the sale by Fortuna to Cristy was valid even only as to naked ownership, between plaintiff’s property and the water •of the river, we must hold for the defendant as did the district court.
Under our settled jurisprudence a plaintiff in a petitory action, in order to recover, must rely on the strength of his own title and not on the weakness of that of the defendant; he carries the burden of proving his title; and the title of the defendant is not at issue until plaintiff has proved a valid title in himself. LSA-C.C.P. Art. 3653(1); Albritton v. Childers, 225 La. 900, 74 So.2d 156; Cook v. Martin, 188 La. 1063, 178 So. 881; Chauvin v. LeBlanc, La.App., 148 So.2d 182; Dupuy v. Shannon, La.App., 136 So.2d 111; Young v. Miller, La.App., 125 So.2d 257; Niette v. Stringfellow, La.App., 3 So.2d 911.
Alluvion or batture in front of riparian property becomes susceptible of ownership and a part of the property of the owner of the soil of the shore to which it is attached, subject of course to the rights of use established by law in favor of the public, when such alluvion becomes visible above the surface of the water at its ordinary stage in such a way as to give it a reasonable appearance of permanence. Maginnis Land & Improvement Co. v. Marcello, 168 La. 997, 123 So. 653; State v. Richardson, 140 La. 329, 72 So. 984.
In the instant case plaintiff’s ancestor in title, Fidelity Homestead, acquired ownership of the property, which is now owned by plaintiff, more than three years after Fidelity’s vendor and the common ancestor of both litigants, Fortuna, had sold the batture to defendant’s vendor, Cristy Company, Inc. If batture susceptible of ownership existed at the time Fortuna sold the batture to Cristy, that sale, and plaintiff’s subsequent acquisition, were valid and, under his own argument, plaintiff had never acquired title to the batture. Plaintiff therefore has the burden of proving that such batture did not exist at the time of sale by Fortuna to Cristy. He has failed to carry that burden.
The only evidence offered by plaintiff relative to the existence or nonexistence of batture (other than the time during which defendant has occupied and removed sand therefrom), and this is the only such evidence contained in the record, is a map of the Board of State Engineers of Louisiana, Pontchartrain Levee District, dated October 28, 1935, made for the purpose of showing the area of land used or damaged in the construction of the U. S. Bonnet Carre-New Orleans New Levee 1935-36. As the map was drawn approximately two years prior to the sale from Fortuna to *575 Cristy, it cannot be taken as sufficient proof in itself of batture conditions existing on the date of that sale. But if it could be accepted as sufficient proof in itself, the defendant would be entitled to a judgment in his favor on the basis of that proof alone. For the map is indicative of the fact that considerably less than 1.88 acres was actually used for the new levee. It is also indicative of the existence of batture susceptible of ownership at the time of the sale by Fortuna to Cristy. According to its scale the map shows approximately 500 feet between the land toe of the new levee and the water toe of the old levee and approximately 300 feet between the water toe of the old levee and the bank line of October, 1935.
The judgment appealed from is affirmed.
Affirmed.