BOLIN, Judge.
Finis Leach Clampitt and Mrs. Helen Marbury Raymond instituted a petitory action against Davis Brothers Lumber Company, Ltd., and California Oil Company seeking to be recognized as owners of 240 acres of land in Jackson Parish, Louisiana. Prior to trial the California Company was discharged as a party defendant because it had no interest in the litigation. Davis Brothers answered denying plaintiffs’ allegations and affirmatively pleaded acquisitive prescription of thirty years. Following trial on the merits the district judge rendered a comprehensive written opinion, finding plaintiffs had failed to prove title in themselves which is a prerequisite to the success of their petitory action; but, on the contrary, that defendant had borne the burden of proving its title by thirty years acquisitive prescription. From formal judgment signed in conformance with this opinion, plaintiffs appeal. We are in accord with the findings of the trial judge and affirm the judgment of the lower court.
The issues are:
(1) Are the pleadings sufficient to permit introduction of evidence by defendant under its plea of prescription ?
(2) If evidence is admissible on the plea prescription, has defendant introduced sufficient evidence to maintain its plea thirty years acquisitive prescription?
(3) Have plaintiffs proved the requisite title to the property in themselves ?
FIRST ISSUE
When defendant offered evidence to substantiate its possession under its plea of thirty years acquisitive prescription, plaintiffs objected on the ground that defendant’s answer was insufficient to permit the introduction of this evidence. Article XX of defendant’s answer sets forth:
“FURTHER ANSWERING the allegations of plaintiffs’ petition, defendant, DAVIS BROTHERS LUMBER COMPANY, LTD., now avers that it was at the time of the institution of this suit, and for more than one year prior thereto, exercising and enjoying the full, complete, peaceful and undisturbed possession of the premises at issue, and that its possession thereof as owner has extended for a period of more than thirty years preceding the institution of this action; this defendant has occupied and possessed the said property as said owners to the full limits and extent thereof, and as a result of such acts of possession, dominion and control, without being disturbed or interrupted, this defendant, DAVIS BROTHERS LUMBER COMPANY, LTD., is now entitled to the continued occupancy, possession and control of the same and to be recognized as the lawful owner thereof; this defendant, therefore, alleges that it is the full, complete and undivided owner of all property sued upon in plaintiffs’ petition and is entitled to be recognized as such by virtue of the accrual of more than thirty years acquisitive prescription.”
Based upon the above article of defendant’s answer, the lower court admitted evidence under the plea of prescription subject to plaintiffs’ objections. Subsequently, defendant filed a supplemental answer *250 wherein it set forth in detail the nature of its possession of the property under the title of owner for more than thirty years. An order was signed admitting the supplemental answer and plaintiffs were permitted fifteen days within which to offer further testimony to rebut the allegations contained in the amended and supplemental answer.
Plaintiffs reurge the objections to the reception of evidence on the plea of prescription. We find the lower court was correct in considering this evidence. Louisiana Code of Civil Procedure Article 1154 provides :
“When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.”
We hold Article XX of defendant’s answer adequately sets forth all of the facts necessary to establish the quality of possession essential for the consideration of the plea of acquisitive prescription. It is not necessary for defendant to allege all the evidence by which it expects to prove a prescriptive title. Neilson v. Haas, 199 So. 202 (La.App. 1st Cir. 1940; writ refused 1941); Ciaccio v. Hartman, 170 La. 949, 129 So. 540 (1930). Certainly under the allegations of the supplemental answer, which we find the court had authority to allow under C.C.P. Article 1154, quoted supra, testimony tending to prove a prescriptive title was admissible.
SECOND ISSUE
Turning our attention now to the issue of the sufficiency of defendant’s possession, we find the preponderance of the evidence shows defendant was in possession of the disputed land at the time suit was filed; in fact, this appears not to be disputed. The law is clear that the party relying on a prescriptive title has the burden of proving public, unequivocable, continuous and uninterrupted possession of the property as owner for the required number of years in order to sustain its plea. Louisiana Civil Code Article 3500. However, the character or quality of possession required under the law varies with the type of property in question. Hill v. Richey, 221 La. 402, 59 So.2d 434 (1952). For example, the law does not require the construction of a fence around every type of property in order to prove possession. Continental Land & Fur Company v. Lacoste, 192 La. 561, 188 So. 700 (1939). In passing on the question of enclosures the court said in Hill v. Richey, supra:
“What the court means by ‘enclosures’, as that term is used in the numerous cases found in the jurisprudence, is that the land actually, physically, and corporeally possessed by one as owner must be established with certainty, whether by natural or artificial marks; that is, that they must be sufficient to give definite notice to the public and all the world of the character and extent of the possession, to identify fully the property possessed and to fix with certainty the boundaries and limits thereof.”
Also, see Industrial Lumber Company v. Howell, 62 So.2d 861 (La.App. 1st Cir. 1953).
The trial judge set forth in detail the acts of possession defendant exercised *251 over the property. Since we are in complete accord with these findings we do not deem it necessary to re-state all of this evidence. Suffice it to say a careful consideration of all the evidence leaves no doubt in our minds that defendant had possessed all of the property as owner continuously and without interruption since 1911. The outside boundary lines to the property were well marked and easily identified, and these boundaries were established and had been maintained at least since 1917. The only portions of the boundary which were not readily identifiable related to interior property. The lack of boundary lines on this property is of no significance because the defendant owned the adjoining land. In addition to the marking of boundaries and the payment of taxes on the property, numerous acts of physical, corporeal possession were shown. Defendant’s woods foreman testified he rented the property to a tenant during the year 1916 or 1917. This tenant remained on the property and paid rent until about 1950. Evidence was also introduced showing defendant erected a tram railroad across the property; cut and removed timber; and carried on extensive'reforestation programs.
We think it appropriate to also point out that neither plaintiffs nor any of their relatives have ever paid any taxes on the property or made any inquiry into the subject of tax liability or the payment thereof.
THIRD ISSUE
In view of our holding that the evidence substantiates defendant’s plea of thirty years acquisitive prescription, it is perhaps unnecessary to discuss the third issue. However, since the lower court passed on this issue and since we are in agreement with its finding, we shall also briefly discuss this aspect of the case.
A petitory action is one brought by an alleged owner of real estate who is out of possession against another having possession in order to determine legal ownership of the property. Our jurisprudence is that a plaintiff in a petitory action, in order to recover, must rely on the strength of his own title. and not on the weakness of that of his adversary; in other words, in order to maintain this suit plaintiffs carry the burden of proving title in themselves. The title of defendant is not at issue until plaintiffs have proved a valid title in themselves. Young v. Miller, 125 So.2d 257 (La.App.3d Cir. 1960); Smith v. Chappell, 177 La. 311, 148 So. 242 (1933); Blevins v. Manufacturers Record Publishing Co., 235 La. 708, 105 So.2d 392 (1957); Collins v. Sun Oil Co., 223 La. 1094, 68 So.2d 184 (1953).
In his written opinion the trial judge traced the chain of title of each 40-acre tract from the original patents to the claims of present plaintiffs. He observed:
“In discussing the quality of plaintiffs’ title to the property in question, we have confined our remarks to defects affecting certain particular forty acre tracts. In addition to these, there are numerous title defects which become apparent by an examination of the abstract of title to these lands. In view of the fact that the evidence conclusively fails to show valid title in these plaintiffs we feel that nothing could be accomplished by further extending this examination.”
He pointed out the serious and unexplained gaps in plaintiffs’ title which would conclusively defeat their claim in this peti-tory action.
Our independent study of the record convinces us the lower court was correct on all the issues and, accordingly, the judgment appealed from is affirmed and Davis Brothers Lumber Company, Limited, is hereby recognized and decreed to be the owner and entitled to possession of the following proprety:
240 acres of land situated in Jackson Parish, Louisiana, more particularly described as follows:
West Half of Northwest Quarter (W 1/2 of NW 1/4) and Northwest Quarter *252 of Southwest Quarter (NW 1/4 of SW 1/4) of Section 3, Township 15 North, Range 3 West; Southwest Quarter of Southwest Quarter (SW 1/4 of SW 1/4) of Section 34, Township 16 North, Range 3 West; Northeast Quarter of Northeast Quarter (NE 1/4 of NE 1/4) of Section 4, Township 15 North, Range 3 West; and the Southeast Quarter of Southeast Quarter (SE 1/4 of SE 1/41 of Section 33, Township 16 North, Range 3 West.
Appellants are cast with all costs, including the cost of this appeal.