ARMSTRONG, Judge.
The plaintiff, Frederica Stansbury Humphrey and her family have owned and resided at 208-10 Delaronde Street on Algiers Point in New Orleans, since June 8, 1923 (“plaintiffs property”). Defendants are plaintiffs immediate next-door neighbors, and have resided at 214 Delaronde Street (“defendants’ property”) since March 27, 1975.
Included in defendants’ chain of title, [in a sale dated July 25, 1938 from Homeowners’ Loan Association] is the following language:
The property hereinabove described is subject to and with benefit of common driveway on the side toward Seguin Street, as delineated on a blueprint of survey by Gilbert and Kelly, Surveyors, dated February 19, 1934. The purchasers take cognizance of the dedication and existence of said common driveway, and it is especially agreed and stipulated that there shall be no liability on the part of the vendor for any right or interest, which the adjoining property, or owner thereof, present or future, may have or claim as a result of the dedication of said driveway, or may claim or may have in and to the existing common driveway delineated on blueprint of survey, herein-above referred to.
Plaintiff originally filed suit over the “common driveway” in 1977. In that suit plaintiff attempted to assert her right to use the “common driveway” by filing a possessory action with a prayer for injunc-tive relief. The trial court denied the injunction and found that the language in the July 25, 1938 act of sale was insufficient to establish a predial servitude. Subsequently, plaintiff’s possessory action was dismissed, and defendants’ exceptions of no cause of action, no right of action, and res judicata were maintained. However, in dismissing the exceptions the trial court noted that plaintiff would be entitled to pursue a petitory action. Mott v. Smith, 273 So.2d 675 (La.App. 1st Cir.1973). Subsequently, in 1984 plaintiff filed a “Supplemental and Amending Petition For Petitory Action” alleging that by virtue of the above quoted language, in the July 25, 1938 act of sale, she is “the true and lawful owner of the ... real right, which right constitutes a predial servitude of way established by defendants’ ancestors in title.” To that petition defendants filed exceptions of No Cause of Action and No Right of Action.
In a judgment dated February 25, 1985 the trial court held that the reference in the July 25, 1938 act of sale was legally “insufficient” to support plaintiffs’ claim to a predial servitude, and granted defendants’ exceptions.
Plaintiff appeals from that judgment and asserts that the language in the July 25,1938 act of sale is indeed sufficient to establish a predial servitude. We find no merit in appellant’s argument.
The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition and is triable on the face of the papers; for the purpose of determining the issues raised by this exception, the well pleaded facts in the petition and any annexed documents must be accepted as true.
*222 Mayer v. Valentine Sugars, Inc., 444 So.2d 618, 620 (La.1984) citations omitted.
Under the law applicable to plaintiff’s claim the servitude of passage could only be granted by title. Buras Ice Factory v. Department of Highways, 103 So.2d 74 (La.1957).
The pertinent fact alleged in appellants’ petition is simply that defendants’ chain of title contains the language referring to a common driveway. That fact, however, does not provide a legal basis for appellants claim of a predial servitude.
A petitory action is one brought by an alleged owner of real estate who is out of possession against another having possession in order to determine legal ownership of the property. Our jurisprudence is that a plaintiff in a petitory action, in order to recover, must rely on the strength of his own title and not on the weakness of that of his adversary; in other words, in order to maintain this suit plaintiffs carry the burden of proving title in themselves. The title of defendant is not at issue until plaintiffs have proved a valid title in themselves. Young v. Miller, 125 So.2d 257 (La.App. 3d Cir.1960); Smith v. Chappell, 177 La. 311, 148 So. 242 (1933); Blevins v. Manufacturers Record Publishing Co., 235 La. 708, 105 So.2d 392 (1957); Collins v. Sun Oil Co., 223 La. 1094, 68 So.2d 184 (1953).
Clampitt v. Davis Brothers Lumber Co. Ltd., 266 So.2d 248, 251 (La.App. 2nd Cir.1972). Emphasis added.
Nowhere in her petition did plaintiff allege any facts which could be construed to accord her a right of predial servitude through her title. Nor can plaintiff rely on defendant’s title as she has repeatedly attempted to do. Clearly, plaintiffs’ petition did not establish the legal sufficiency of her claim.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.