SARTAIN, Judge.
This is a possessory action brought by Mrs. Agnes Mott for alleged wrongful timber cutting on her property. After a trial on the merits, the lower court dismissed her suit based on an exception of prescription raised by the defendants. Judgment was signed on June 25, 1970, and the plaintiff did not apply for a new trial. On July 2, 1970 plaintiff filed a petition for a devolutive appeal. On July 7, 1970 the trial judge granted petitioner a devolutive appeal conditioned upon her furnishing bond in the amount of $1,000.00. Petitioner, on July 30, 1970, filed a motion to have the original bond reduced whereupon on the same date the trial judge reduced the bond to the sum *149 of $262.88. However, the bond was not filed until August 17, 1970.
Article 3662 of the La.Code of Civil Procedure provides that a devolutive appeal from a judgment in a possessory action must be perfected within thirty days of the applicable date provided in La.C.C.P. Art. 2087(l)-(3). Since plaintiff did not choose to apply for a new trial, it is sufficient for this court to notice that more than thirty days passed between the filing of the petition for appeal and the filing of the bond.
We have considered the nineteen days which lapsed between July 7, 1970 when the appeal bond was set at $1,000.00 and July 31, 1970 when the bond was reduced to $262.88. The record does not disclose any delay on the part of the court in reducing the bond because the order was signed by the trial judge on the date it was presented. Since no new trial was asked for by the petitioner the thirty days available to petitioner to perfect the devolutive appeal commenced on July 2, 1970 and expired on August 2, 1970. August 2 being a Sunday petitioner had until Monday, August 3, 1970. In no event do we feel that petitioner should have been given more than four legal days following the reduction of the bond on July 31, 1970. This would have given petitioner until August 6, 1970. Absent any law pertaining to the effect of an order reducing a bond, we analogize such an order to the situation where there is an order decreeing a bond insufficient whereupon appellant is then given an additional four days under C.C.P. Art. 5124 to furnish a new or supplemental bond. Viewing the matter in as favorable a manner as possible to petitioner the bond in either instance whether it be within the thirty day requirement of C.C.P. Art. 3662 or the four day requirement under C.C.P. Art. 5124 was untimely filed.
Therefore, we must dismiss this appeal, ex proprio motu, for the reason that the same was not timely perfected and we are without jurisdiction in this cause.
Appeal dismissed.