PICKETT, Judge.
This is an appeal from a judgment sustaining defendant’s exception of res judica-ta, based on a prior judgment of the same court.
The plaintiff-appellant filed this suit in which she seeks to be recognized as the owner of certain lands described in paragraph one of her petition. She alleges that she acquired title to the immovable property claimed by her by a deed dated January 27, 1917, from Isaac D. Wall to James W. Mott; and judgment of possession dated April 7, 1949, rendered in the Succession of James W. Mott, bearing Probate Number A-2033, on the docket of the Twentieth Judicial District Court, in and for East Feliciana Parish, Louisiana. She alleges that she is not in possession of said property, but that George Smith and other named defendants are in possession thereof and have refused to surrender possession to plaintiff. The defendant, George W. Smith, filed a plea of res judicata based on a judgment rendered by the Twentieth Judicial District Court in a suit filed by Mrs. Agnes M. Mott, bearing Number A-8659 of said court, in which she allegedly sought to be maintained in possession of said property. The District Judge sustained the exception of res judicata, and the plaintiff has appealed.
It is undisputed that in the prior action between these same parties, appellant sought damages for timber allegedly erroneously cut and removed from subject property, and also prayed for judgment recognizing and enforcing appellant’s right to possession of the premises in question.
In this action, appellant’s petition recites that she is the owner, but is not in possession of the property which is the subject matter of this litigation. Appellant de-raigns her chain of title, and prays for judgment recognizing her as owner of the property in dispute. It is further conceded that defendants in this present petitory action are the same parties who were successful litigants in the prior possessory action. Defendants maintain that the trial court correctly upheld the plea of res judi-cata on authority of Pellegrini v. McCarthy, La.App., 175 So.2d 410, and Terrebonne v. Arabie, La.App., 132 So.2d 106. The principle of res judicata is defined by LSA-C.C. art. 2286, as follows:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
*677 Our jurisprudence is settled to the effect that a plea of res judicata is stricti juris, and each element thereof must be established by the pleader. To sustain such a plea, three indispensable elements must be shown: (1) The thing demanded must be the same; (2) the demand must be founded on the same cause of action, and (3)the demand must be between the same parties, each of whom must appear in the same capacity. Road Equipment Company v. Prestenback, La.App., 143 So.2d 135. If either of the three required elements are lacking, a plea of res judicata may not be sustained. Slidell Bldg. Supply, Inc. v. I. D. S. Mortg. Corp., La.App., 237 So.2d 923.
A possessory action is one brought by a possessor of immovable property to be maintained in his possession when his possession has been disturbed, or to be restored to possession from which he has been evicted. LSA-C.C.P. art. 3655.
A petitory action is one brought by a person who claims ownership, but who is not in possession of immovable property, or of a real right, against one who is in possession or who claims adverse ownership, to obtain judgment recognizing the plaintiff’s ownership.
It readily appears that a possessory action is patently different from a petitory action. The former seeks to maintain possession which has been disturbed, or restoration of possession because of eviction. The latter seeks to establish ownership by one not in possession.
Counsel for appellees readily admits that the Pellegrini and Terrebonne cases, above, are distinguishable in that in the cited authorities, the question of title was put at issue. Nevertheless, counsel argues the prior action brought by appellant and this present action involve the same subject matter and issues. Appellees urge that this matter will involve presentation and consideration of the same evidence presented in the previous controversy. We disagree.
The prior action between these parties was appealed to this court. See Mott v. Clemons Brothers Lumber Co., Inc. et al., La.App., 247 So.2d 148. In the opinion rendered by this court, the action was characterized as a possessory one, but the appeal by plaintiff therein was dismissed for failure to timely post an appeal bond. Inasmuch as the thing demanded in this case, namely, recognition of ownership of real property, differs from the thing demanded in the prior action between these same parties, namely, the right to possession of real property, the plea of res judi-cata is without foundation.
For the foregoing reasons, the judgment of the trial court sustaining defendants’ plea of res judicata is reversed, and judgment rendered herein overruling said plea of res judicata. Judgment is further rendered herein remanding this matter to the lower court for trial of this matter on the merits; all costs of this present appeal to be borne by defendants-appellees.
Reversed and remanded.