SAVOY, Judge.
This petitory action was instituted by plaintiffs, as the heirs of Ozey Wilturner and Elvina Aker, both deceased, against de- • fendants, heirs of Rodal Duhon, deceased.
Plaintiffs alleged that they are the children and sole heirs of Ozey and Elvina; that the defendants are the sole heirs of Rodal Duhon; that by warranty deed dated January 13, 1923, Rodal Duhon purchased from Ozey Wilturner a certain tract of land described in the petition in this suit; that at the time of the sale, plaintiffs’ mother and father were divorced, and their mother did not join in the above mentioned sale to Rodal; that at the time of the sale to Rodal, he was married to Eula Wil-turner, a sister of Ozey. Plaintiffs alleged that the credit sale of January 13, 1923 was a fraud and simulation made for the purpose of depriving them and their deceased mother of their right, title, and in- ^ terest in said property.
Alternatively, plaintiffs alleged if this court should find the sale to Rodal Duhon was for a valid consideration, that we hold Ozey had only sold the interest which he owned at the time of the sale, i. e., an undivided one-half interest in said property. Plaintiffs also prayed for an accounting, and petitioned the court to appoint an attorney to represent defendants who are residents of Texas and California.
The court-appointed attorney filed an answer denying the allegations contained in plaintiffs’ petition. Defendants then employed another lawyer to represent them. He filed an exception of no cause of action and an exception of no right of action. In the exception of no right of action, it was alleged that the plaintiffs, as the heirs of Ozey Wilturner, were estopped from denying .the validity of the sale from their father to Rodal Duhon, dated January 13, 1923.
Defendants also filed exceptions of 10, 20, and 30 years prescription acquirendi causa and exceptions of 1, 5, and 10 years prescription liberandi causa.
After trial the district judge maintained the exception of 10 years acquisitive prescription, rejected plaintiffs’ demands, and dismissed their suit. They appealed.
Since we have decided to base our decision on the plea of estoppel by deed filed by defendants, we will not discuss the issue of prescription.
One of the plaintiffs, daughter of Ozey Wilturner, testified at the trial that Ozey had died- testate in Texas and left a last will and testament leaving real property in Jéfferson County, Texas to her and the other plaintiff, her brother; that the will was duly probated in Jefferson County; that plaintiffs accepted their father’s sue- *140 cession by selling the property bequeathed to them.
In Cook v. Martin, 188 La. 1063, 178 So. 881, the court held that heirs who instituted a petitory action to recover real estate and for rents and revenues, accepted their ancestor’s warranty to grantee and were estopped from claiming title.
In Humble Oil and Refining Co. v. Boudoin, 154 So.2d 239 (La.App. 3 Cir. 1963) the court stated:
“The law is well settled that when heirs accept the succession of their ancestor simply and unconditionally, they become bound by his warranty of title to such an extent that they are estopped to deny the full extent of the warranty. This is known as an estoppel by deed. . . . ”
In the conveyance dated January 13, 1923 from Ozey Wilturner to Rodal Duhon, Wilturner sold the entire tract involved in this suit by warranty deed.
Under Cook, Humble, and cases cited therein, the plaintiffs are now estopped from asserting any interest in the property sold by their father contrary to his warranty.
Plaintiffs waited 49 years to assert any claim to the property in litigation. We think applicable to this case is the statement made by the court in Humble, namely:
“Finally, we think there is applicable here the doctrine expressed by our Supreme Court in the recent case of Succession of Stokes Seals, 243 La. 1056, 150 So.2d 13, in which the court stated :
‘The genius of our law does not favor the claims of those who have long slept on their rights and who, after years of inertia, conveying an assurance, of acquiescence in a given state of things, suddenly wake up at the welcome vision of an unexpected advantage and invoke the aid of the courts for relief, under the effect of a newly discovered technical error in some ancient transaction or settlement.’ ” Citations omitted.
For the reasons assigned, the judgment of the district court is affirmed at appellants’ cost.
Affirmed.