# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 21-666


**DANIEL J. SALOOM, ET AL.**

**VERSUS**

**STATE OF LOUISIANA, DEPARTMENT OF
TRANSPORTATION AND DEVELOPMENT**


**\*\*\*\*\*\*\*\*\*\***


APPLICATION FOR SUPERVISORY WRIT FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2018-4974
HONORABLE DAVID M. SMITH, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## CHARLES G. FITZGERALD
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Van H. Kyzar, and Charles G. Fitzgerald,
Judges.


**WRIT GRANTED AND MADE PEREMPTORY.**

Lawrence E. Marino
Cearley W. Fontenot
Daniel J. Phillips
Oats & Marino
A Partnership of Professional Corporations
100 East Vermilion Street, Suite 400
Lafayette, Louisiana 70501
(337) 233-1100
Counsel for Defendant-Applicant,
     State of Louisiana, Department of
     Transportation and Development

Andrew G. Barry
Cheryl McKinney
State of Louisiana, DOTD
Post Office Box 94245
Baton Rouge, Louisiana 70804-9245
(225) 242-4659
Counsel for Defendant-Applicant,
     State of Louisiana, Department of
     Transportation and Development

Gerald C. deLaunay
Perrin Landry deLaunay
Post Office Box 53597
Lafayette, Louisiana 70505
(337) 237-8500
Counsel for Plaintiffs-Respondents,
     Daniel J. Saloom, et al.

**FITZGERALD, Judge.**

The State of Louisiana, Department of Transportation and Development (DOTD), seeks supervisory review of the judgment of the trial court that denied its motion for summary judgment. For the reasons below, we grant the writ application, reverse the ruling of the trial court, enter a summary judgment in favor of DOTD, and dismiss the plaintiffs' claims against DOTD with prejudice.

## FACTS AND PROCEDURAL HISTORY

This case arises from a dispute over land ownership. Plaintiffs are the children of Clarence Saloom Sr. (Clarence Sr.) and Pauline Womac Saloom (Pauline).

In 1954, Clarence Sr. bought a 95-arpent tract of land bordered by Louisiana Highway 339 in Lafayette Parish. Although Clarence Sr. signed as "husband of Pauline Womac," she did not sign.

In 1971, DOTD, then known as the Department of Highways, began a project to improve Louisiana Highway 339. At that time, DOTD determined that it needed a 15-foot strip of land on each side of its existing 80-foot right of way for Highway 339, which would increase the total right of way to 110 feet. The 15-foot strip on the west side of the right of way was a portion of Clarence Sr. and Pauline's property and is identified as Parcel 17-1.

On March 30, 1976, Clarence Sr. executed an Act of Sale that purported to sell all of Parcel 17-1 to DOTD, without exception and "under all lawful warranties." Clarence Sr. represented that he was the "husband of Pauline Womac Saloom," and DOTD paid Clarence Sr. $8,386, which was the full appraised value of Parcel 17-1.

But as it turned out, Clarence Sr. was not the husband of Pauline at the time of the sale because she had died in 1973. A July 12, 1974 Judgment of Possession gave Plaintiffs naked ownership of Pauline's share of the community subject to a

usufruct in favor of Clarence Sr. Although Clarence Sr. knew this, he still sold the entire Parcel 17-1 to DOTD, and he accepted the full price for it.

Many years later, by letter dated February 28, 1985, the Saloom children, through counsel, notified DOTD of their ownership interest in Parcel 17-1.

Eleven years after that, Clarence Sr. died on December 19, 1996, leaving his entire estate to his children. "They accept[ed] their legacies unconditionally."

In 2015, DOTD began its project to widen Highway 339 from two lanes to four lanes with a median. A portion of the improvements were built on parcel 17-1. The project was completed in July 2019.

Plaintiffs filed suit against DOTD on August 14, 2018, claiming that they never sold—and thus still owned—the undivided one-half interest in Parcel 17-1 that they inherited from their mother, Pauline. Plaintiffs claim that the work beginning in 2015 constitutes a taking of their interest in Parcel 17-1, and they seek compensation for it. Plaintiffs amended their petition in 2021.

DOTD, in turn, answered Plaintiffs' original and amended petitions. Importantly, DOTD pled the affirmative defense of estoppel by deed in its answer to Plaintiffs' first and only amended petition.

In July 2021, Plaintiffs filed a motion for partial summary judgment, asking the trial court to find that Plaintiffs had an ownership interest in Parcel 17-1, that the project started by DOTD in 2015 constituted a taking of Plaintiffs' property, and that Plaintiffs were owed compensation for the taking. Several weeks later, DOTD filed a cross motion for summary judgment, seeking dismissal of Plaintiffs' suit based on prescription and estoppel by deed.

The hearing on both motions was held on September 13, 2021. From the bench, the trial court granted Plaintiffs' partial summary judgment on all three issues and denied DOTD's motion on both grounds. DOTD filed its notice of intent to

apply for supervisory writ that same day. The trial court signed a written judgment on September 27, 2021. Thereafter, on October 4, 2021, the trial court issued written reasons.

In its application for supervisory writ, DOTD asks this court to grant its motion for summary judgment. DOTD limits its argument to estoppel by deed.[1]

## LAW AND ANALYSIS

Since the denial of a motion for summary judgment is an interlocutory ruling from which no appeal may be taken, the only practical remedy available to avoid a possible useless trial on the merits is to request that the appellate court exercise its supervisory jurisdiction to review the propriety of this ruling. *Louviere v. Byers*, 526 So.2d 1253 (La.App. 3 Cir.), *writ denied*, 528 So.2d 153 (La.1988).

In reviewing the trial court's decision on a motion for summary judgment, this court applies the de novo standard of review using the same criteria applied by the trial court to determine whether summary judgment is appropriate. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880.

"[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

The burden of proof in summary-judgment proceedings is set forth in La.Code Civ.P. art. 966(D)(1), which states:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential

---

[1] Pursuant to La.Code Civ.P. art. 966(H), this case was assigned for briefing and oral argument.

3

to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

"The only documents that may be filed in support of or in opposition to the motion [for summary judgment] are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." La.Code Civ.P. art. 966(A)(4). "The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum." La.Code Civ.P. art. 966(D)(2).

One more point. Estoppel by deed is an affirmative defense. La.Code Civ.P. art. 1005. "'A party defendant who asserts an affirmative defense bears the burden of proof thereof.'" *Fin & Feather, LLC v. Plaquemines Par. Gov't*, 16-0256, p. 9 (La.App. 4 Cir. 9/28/16), 202 So.3d 1028, 1034 (quoting *New Amsterdam Cas. Co. v. Culotta*, 230 So.2d 339, 341 (La.App. 4 Cir. 1970)). DOTD therefore has the burden of proving the affirmative defense of estoppel by deed.

### *Estoppel By Deed*

Estoppel by deed is simply this: "where a vendor warrants full title to the vendee, the vendor is estopped to thereafter assert an interest contrary to his warranty." *Humble Oil & Ref. Co. v. Boudoin*, 154 So.2d 239, 250 (La.App. 3 Cir.), *writ denied*, 245 La. 54, 156 So.2d 601 (1963).

One of the warranties of title is the warranty against eviction, under which the seller warrants "the buyer's loss of, or danger of losing, the whole or part of the thing sold because of a third person's right that existed at the time of the sale." La.Civ.Code art. 2500.

4

Thus, a seller in a sale with the warranty of eviction is estopped from asserting that the buyer did not actually buy what was purportedly sold. This principle applies to the seller's heirs when they "accept the succession of their ancestor simply and unconditionally. . . [because] they become bound by his warranty of title to such an extent that they are estopped to deny the full effect of the warranty or to assert ownership of the property affected by that warranty." *Humble Oil*, 154 So.2d at 248.

DOTD argues that *Humble Oil* is directly on point. Indeed, the relevant facts in *Humble Oil* are strikingly similar to the facts of our case. *Humble Oil*, for example, involved parents who owned immovable property in community. After the mother died, the children inherited her undivided one-half interest in the former community property subject to a usufruct in favor of the father. The father received full ownership of the other undivided one-half interest. Like our case, the father then sold the entirety of the property with full warranty of title. Thereafter, the father died, and the children accepted his succession unconditionally. The children then sued the buyer of the property for mineral proceeds, claiming that they still owned their mother's undivided one-half interest and that their father could not have sold that interest because it was not his to sell.

Ultimately, the *Humble Oil* majority concluded that estoppel by deed barred the children's claim because (1) the father's deed purported to sell all interest in the subject land with warranty, (2) the children inherited their father's warranty obligations when they accepted his succession unconditionally, and (3) the children's assertion of ownership was contrary to that warranty.

Estoppel by deed was also addressed by this court in *Wilturner v. Duhon*, 284 So.2d 138 (La.App. 3 Cir. 1973). In that case, a mother and father acquired immovable property during their marriage and then divorced. Thereafter, the father purported to sell all interest in the subject property with full warranty. After both

5

parents died, the children sued the property buyer, claiming that they owned their mother's undivided one-half interest in the property. This court held that because the children accepted their father's succession unconditionally, their claim of ownership was barred by estoppel by deed.

DOTD believes that the case before us is materially identical to *Humble Oil* and *Wilturner*. After all, Clarence Sr. and Pauline acquired community immovable property during their marriage, including the property identified as Parcel 17-1; after Pauline died, the children inherited her undivided one-half interest in Parcel 17-1 subject to a usufruct in favor of Clarence Sr.; the other one-half interest was owned by Clarence Sr. in his own right; Clarence Sr. then purported to convey by warranty deed all interest in Parcel 17-1 to DOTD; many years later, Clarence Sr. died and the children accepted their legacies unconditionally; and many years after that, the children (Plaintiffs) filed suit against DOTD claiming ownership of their mother's one-half interest in Parcel 17-1.

DOTD notes that estoppel by deed is an equitable remedy. And without it, Plaintiffs would receive a double recovery for the disputed one-half interest in Parcel 17-1. After all, it is undisputed that DOTD paid Clarence Sr. the full appraised value of Parcel 17-1 in 1976. DOTD asserts that Plaintiffs received the benefits of this sale when they accepted their father's succession without condition, and that allowing Plaintiffs to recover a second time would amount to an inequitable windfall. DOTD believes that the purpose of estoppel by deed is to prevent this kind of inequitable result.

In opposing DOTD's motion for summary judgment, Plaintiffs assert seven arguments. First, Plaintiffs contend that a genuine issue of material fact exists as to what property was conveyed by the sale from Clarence Sr. to DOTD. In other

words, Plaintiffs contend that DOTD purchased only Clarence Sr.'s undivided one-half interest in Parcel 17-1.

At the outset, we note that the interpretation of the 1976 Act of Sale is an issue of law. "When a contract can be construed from the four corners of the instrument without looking to extrinsic evidence, the question of contractual interpretation is answered as a matter of law and summary judgment is appropriate." *Peterson v. Schimek*, 98-1712, p. 5 (La. 3/2/99), 729 So.2d 1024, 1029.

The Act of Sale clearly identifies the buyer and seller, the property being sold, and the purchase price. The Act of Sale is unambiguous: there is no doubt that Clarence Sr. purported to convey all ownership interest in Parcel 17-1 to DOTD, including his children's one-half interest.

Based on our de novo review of the record, we find that all material issues of fact pertaining to DOTD's plea of estoppel by deed are undisputed or indisputable. We now turn our attention to whether DOTD has shown that it is entitled to summary judgment as a matter of law. And this brings us to Plaintiffs' remaining arguments.

Plaintiffs' second argument against summary judgment involves the public records doctrine. Plaintiffs argue that DOTD examined title to Parcel 17-1, meaning that DOTD knew of Pauline's judgment of possession—and thus Plaintiffs' ownership interest—at the time of the sale. Consequently, Plaintiffs contend that DOTD should not be able to assert full ownership now.

While DOTD concedes that Pauline's judgment of possession was recorded prior to its purchase of Parcel 17-1, it points out that Plaintiffs have failed to show any evidence that DOTD had knowledge of that judgment at the time of sale. But more significantly, DOTD argues that its knowledge of the judgment of possession is irrelevant because it was under no duty of inquiry as to Plaintiffs' ownership rights. We agree.

7

In *Richmond v. Zapata Development Corp.*, 350 So.2d 875, 878 (La.1977), the Louisiana Supreme Court explained that "a vendee is under no obligation to search the record in order to ascertain what his vendor has sold and what it has not, and the vendee is entitled, as between himself and his vendor, to rely upon his deed as written."

In addition, "When a sale is made subject to express warranty, even actual knowledge by the purchaser, at the time of the purchase, of the danger of eviction will not defeat the warranty action." *Collins v. Slocum*, 317 So.2d 672, 681 (La.App. 3 Cir.), *writs denied*, 321 So.2d 362, 363, 364 (La.1975). "Any theory of constructive knowledge which imputes knowledge of the contents of the public records to third persons forms no part of the public records doctrine." *Phillips v. Parker*, 483 So.2d 972, 976 (La.1986).

In sum, DOTD's knowledge of Pauline's judgment of possession is irrelevant because neither actual nor constructive knowledge of it defeats the warranty claim underlying estoppel by deed. In the Act of Sale, Clarence Sr. purports to sell all interest in Parcel 17-1—including Plaintiffs' one-half interest—to DOTD with full legal warranties. Plaintiffs ultimately succeeded to their father's warranty obligations when they accepted his succession unconditionally. Thus, contrary to Plaintiffs' argument, DOTD is not now asserting full ownership of Parcel 17-1. Rather, DOTD is asserting the affirmative defense of estoppel by deed. Under this defense, Plaintiffs are estopped from now asserting any ownership interest in Parcel 17-1 because such an assertion is contrary to their obligation to warrant DOTD's title to full ownership.[2]

---

[2] According to certain appellate-court decisions, an acquirer of immovable property who knows facts sufficient to excite inquiry is bound to search the public records and is charged with the knowledge that a reasonable person would acquire from the records. "However, this rule provides no defense against a vendee who seeks to enforce his vendor's obligations under a warranty deed. In fact, to allow its application in such an action would violate basic principles of

In their third argument against summary judgment, Plaintiffs point to La.Civ.Code art. 2452 for the proposition that "[t]he sale of a thing belonging to another does not convey ownership." According to Plaintiffs, estoppel by deed should not apply because their ownership interest in Parcel 17-1 was never conveyed to DOTD as a matter of law.

Louisiana Civil Code Article 2452 was enacted by 1993 La. Acts No. 841, § 1 (eff. Jan. 1, 1995) as part of the 1995 revision to Louisiana sales law. The source article for current Article 2452 is former La.Civ.Code art. 2452 (1870), which was in effect at the time of the sale between Clarence Sr. and DOTD. Former Article 2452 (1870) provided that "[t]he sale of a thing belonging to another is null." In discussing Article 2452 (1870), the Louisiana Supreme Court explained that "one need not own a thing in order to perfect a sale. The sale of a thing belonging to another is *not* absolutely null, but only relatively so[.]" *Frey v. Amoco Prod. Co.*, 603 So.2d 166, 182 (La.1992) (emphasis added).

There is no question that Clarence Sr. did not have the authority to sell his children's one-half interest in Parcel 17-1 to DOTD. But he purported to do so anyway. And because the sale was never rescinded by court judgment, DOTD acquired certain rights in Parcel 17-1 both against the world and even against Plaintiffs as the true owners.

Before going further, it is important to clarify that estoppel by deed applies to *purported* transfers of ownership rather than *actual* transfers. This is clear from

---

warranty against eviction in the civil law and a substantial body of jurisprudence interpreting our Civil Code." *Richmond*, 350 So.2d at 878.

Because the sale here was made with full legal warranties, DOTD was never put "on inquiry" as to Plaintiffs' rights in Parcel 17-1. This is true even though the Act of Sale incorrectly identifies Clarence Sr. as being Pauline's husband at the time of sale. And this is also true even though the Act of Sale states that the purchase price will be paid to Clarence Sr. "upon the approval by the Department of [Clarence Sr.'s] title" to Parcel 17-1.

*Humble Oil*, 154 So.2d 239, and *Wilturner*, 284 So.2d 138, because those cases applied estoppel by deed to purported transfers of another person's interest.

Here, Clarence Sr. purported to sell all interest in Parcel 17-1—including Plaintiffs' one-half interest—to DOTD under all lawful warranties. One of the warranties of title is the warranty against eviction. La.Civ.Code art. 2500. Thus, a seller (Clarence Sr.) in a sale with the warranty against eviction is estopped from asserting that the buyer (DOTD) did not actually buy what was purportedly sold. *Humble Oil*, 154 So.2d 239. And this principle applies to the seller's heirs (Plaintiffs) when the "heirs accept the succession of their ancestor simply and unconditionally . . . [because] they become bound by his warranty of title[.]" *Id*. at 248.

For all these reasons, Plaintiffs' third argument against summary judgment is without merit.

Plaintiffs' fourth argument is that estoppel by deed should not apply because DOTD did not give call-in notice of a claim against Clarence Sr.'s warranty of eviction. In relevant part, La.Civ.Code art. 2517 states that "[a] buyer threatened with eviction must give timely notice of the threat to the seller." Plaintiffs argue that because they were not given timely notice under Article 2517, they have effectively been denied the right to assert defenses. We disagree.

Plaintiffs filed suit against DOTD, seeking damages for inverse condemnation. In doing so, Plaintiffs have asserted an ownership interest in Parcel 17-1. In response, DOTD pled the affirmative defense of estoppel by deed, specifically pointing to the warranty deed executed by Clarence Sr. On these facts, DOTD had no duty to call Plaintiffs into this suit because they were already in it and obviously knew about it.

In their fifth argument, Plaintiffs contend that DOTD's opportunity to make a warranty claim has prescribed. This argument is without any legal basis. First, Plaintiffs never pled prescription, and La.Code Civ.P. art. 927(B) provides that "[t]he court may not supply the objection of prescription." Second, DOTD did not sue Plaintiffs for breach of the warranty against eviction. And third, "a prescribed obligation arising under Louisiana law may be used as a defense if it is incidental to, or connected with, the obligation sought to be enforced by the plaintiff." La.Code Civ.P. art. 424. Here, estoppel by deed is a defense to Plaintiffs' suit. Estoppel by deed is also connected to Plaintiffs' suit because Plaintiffs must prove that they own an interest in Parcel 17-1, but they are estopped from doing so under estoppel by deed and the warranty claim underlying it.

In their sixth argument, Plaintiffs contend that estoppel by deed only applies in real actions (petitory actions) when the seller attempts to claim an interest in the property at issue, and not to this inverse condemnation action. We disagree. After all, the action in *Humble Oil*, 154 So.2d 239, was a concursus proceeding, and estoppel by deed applied in that case. Estoppel by deed applies in any case where a seller or his heirs attempt to assert ownership contrary to what was purportedly sold to the buyer. *Id*.

In their seventh and final argument, Plaintiffs assert that estoppel by deed should not apply because DOTD judicially confessed to "taking" Plaintiffs' property in its (DOTD's) memorandum in support of summary judgment. Plaintiffs specifically contend that DOTD "judicially admitted . . . that it took Plaintiffs' interests in Parcel 17-1 as part of its latest Highway 339 road project." There are many problems with this argument.

Louisiana Civil Code Article 1853 provides, in pertinent part, that "[a] judicial confession is a declaration made by a party in a judicial proceeding. That confession

11

constitutes full proof against the party who made it." Argument by counsel in a memorandum, which is what we have here, does not constitute a judicial confession. Also, under Louisiana law, a party can only judicially confess facts rather than conclusions of law. *Boudreaux v. Cummings*, 14-421 (La.App. 3 Cir. 1/14/15), 170 So.3d 1002, *writ denied*, 15-0294 (La. 4/24/15), 169 So.3d 358. As DOTD correctly points out, it could not have confessed that the improvements to Highway 339 in Parcel 17-1 were a taking because that is a legal conclusion. The "fact" is that the road was built on Parcel 17-1. Whether that constituted a taking is a legal conclusion that the court must draw based on the facts. Thus, this final argument is without merit.

In our view, *Humble Oil*, 154 So.2d 239, and *Wilturner*, 284 So.2d 138, are directly on point. Under these cases, estoppel by deed bars a plaintiff from asserting ownership in property when (1) a seller purports to sell the plaintiff's interest in property; (2) the sale is made without waiving the warranty against eviction; and (3) the plaintiff succeeds to the seller's warranty obligations by, for example, accepting the seller's succession unconditionally.

All three of these elements are indisputably shown by DOTD: (1) the 1976 deed shows that Clarence Sr. purported to sell *all* of Parcel 17-1, including Plaintiffs' one-half interest; (2) the sale was made "under all lawful warranties"—thus, the sale was made without waiving the warranty against eviction; and (3) Plaintiffs succeeded to Clarence Sr.'s warranty obligations because they accepted his succession unconditionally.

In the end, estoppel by deed bars Plaintiffs from claiming any interest in Parcel 17-1 because such a claim is contrary to their obligation to warrant DOTD's title to full ownership of Parcel 17-1. Estoppel by deed also prevents Plaintiffs from

receiving a double recovery for their interest in Parcel 17-1, and it avoids forcing DOTD to pay for that interest twice.

In addition, an essential element of Plaintiffs' inverse condemnation claim is proof of ownership. "To establish inverse condemnation, a party must show that (1) a recognized species of property right has been affected; (2) the property has been taken or damaged in a constitutional sense; and (3) the taking or damaging was for a public purpose under La. Const. art. I, § 4." *Suire v. Lafayette City–Parish Consol. Gov't*, 04-1459, p. 33 (La. 4/12/05), 907 So.2d 37, 60. The species of property right that Plaintiffs assert here is ownership. But because Plaintiffs are estopped from asserting an ownership interest in Parcel 17-1, Plaintiffs will not be able to prove entitlement to compensation for inverse condemnation.

Based on our de novo review, there are no genuine issues of material fact, and DOTD is entitled to summary judgment as a matter of law. Thus, we reverse and set aside the trial court's ruling and enter judgment granting DOTD's motion for summary judgment. And because Plaintiffs are estopped from asserting any ownership interest in Parcel 17-1, we dismiss Plaintiffs' claims against DOTD with prejudice.

## DECREE

For the above reasons, we grant and make peremptory the application for supervisory writ filed by the State of Louisiana, Department of Transportation and Development. The September 27, 2021 judgment of the trial court is reversed, the motion for summary judgment filed by DOTD is granted, and Plaintiffs' claims against DOTD are dismissed with prejudice. All costs of these proceedings are assessed to Plaintiffs, Daniel J. Saloom, individually and as curator for Clarence Saloom Jr., and Patricia Saloom.

**WRIT GRANTED AND MADE PEREMPTORY.**